**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRETT FONTENELLE,** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1070** |
| **GERALD TURLICH, JR. ET AL** | **SECTION: C (2)** |

**ORDER AND REASONS**

Before the Court is defendants' Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 24, 2025 (Rec. Doc. 33). The motion is GRANTED.

**BACKGROUND**

Plaintiff, Brett Fontenelle, brings this action against state entities and employees in their individual capacities pursuant to 42 U.S.C. § 1983.[1] Fontenelle has previously amended his complaint twice attempting to state a claim.[2]

On May 29, 2024, Fontenelle was arrested and taken to the Plaquemines Parish Detention Center.[3] Upon his arrival, correctional staff performed intake screening and charted Fontenelle's mental health history.[4] Soon after, Fontenelle began acting erratically and became confrontational with corrections officers.[5]

---

[1] R.Doc.33
[2] *See* R.Doc. 1, 18, 29.
[3] R.Doc.33.
[4] R.Doc.33.
[5] R.Doc.37.

1

Detention center and CorrectHealth staff worked with Fontenelle to complete his medical screening. When Fontenelle refused tuberculosis testing, he was placed in isolation.

Upon the completion of his medical screening, CorrectHealth staff requested Fontenelle's medical records via facsimile on May 29, 2024. The requested information was not sent to CorrectHealth until June 5, 2024.

Before receiving medical records, Fontenelle was treated with Risperdal, an antipsychotic drug used to treat schizophrenia. After receiving the medical records on June 5, 2024, Fontenelle's medication was changed to Olanzapine, which treats multiple psychotic disorders, including schizophrenia and bipolar disorder.

After the medication changed, Fontenelle was taken to the infirmary for evaluation. While at the infirmary, he became restless and confrontational with correctional officers. Fontenelle fell off a mezzanine while trying to flee his guards. The subject claims arise from the fall. Fontenelle alleges defendants knowingly failed to provide medical care while Fontenelle suffered from a "bipolar/psychotic state."[6]

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon

---

[6] R.Doc.37 p.1.

which relief may be granted if plaintiff fails to set forth factual allegations that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

In evaluating a Rule 12(b)(6) motion, the court should confine itself to the pleadings and documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Carter v. Target Corp*, 541 Fed. Appx. 413, 416 (5th Cir. 2013). The court "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

While detailed factual allegations are not required, a complaint must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

Here, Fontenelle's medical records and intake forms from the detention center are referred to his complaints and are central to his claims. Thus, the court will consider Fontenelle's medical records and intake forms attached to the motion to dismiss.[7]

Fontenelle's claims require proof that he was exposed to "a substantial risk of serious harm," and the employees acted with "deliberate indifference." *Gobert v. Calwell*, 463 F.3d 339 (5th Cir. 2006). A disagreement or dispute regarding the nature of medical treatment is generally not actionable under Section 1983, unless plaintiff

---

[7] R.Doc. 27, 33.

4

establishes exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

If plaintiff alleges exceptional circumstances, the allegations may be rebutted with medical records of sick calls, examinations, diagnoses, and medications. *Id.*

Fontenelle's allegations regarding his medical treatment are insufficient. The allegations center around the timing and treatment he received at the detention center.[8] Fontenelle states he "was not being treated" during his detention.[9] His medical records refute this. Fontenelle's mental state was screened and documented.[10] When Fontenelle refused certain medical screening, he was placed in isolation, but still monitored, examined, and treated.

CorrectHealth made a good faith effort to obtain Fontenelle's medical records to ensure he received proper treatment. Between the time the records were requested and received, Fontenelle was administered Risperdal, an antipsychotic drug used to treat schizophrenia. Fontenelle's medical records show he was previously receiving antipsychotic medications. When the records were received, his medication was changed to Olanzapine, another drug used to treat psychotic disorders, including schizophrenia and bipolar disorder.

---

[8] R.Doc. 1, 18, 29.
[9] *Id.* at PP 47.
[10] R.Doc.33.

Fontenelle's allegations reflect, at best, disagreements over medical treatment. The complaints do not recite facts supporting proof of "deliberate indifference" to his condition.

Accordingly, for the reasons stated above,

IT IS ORDERED that Defendants' Motion to Dismiss (Rec. Doc. 33) is GRANTED. Plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana this __16th__ day of April 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE